[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on May 4, 1963 in Stamford, Connecticut. The plaintiff has resided continuously in this state since 1961. There are two children of the parties, both of whom are adults. The evidence clearly has shown that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff, age 47, has been a homemaker for most of the marriage and in recent years has been operating a horse farm. The defendant, age 49, was a police officer until his retirement due to a disability, hypertension, approximately one CT Page 2549 year ago.
This relationship has not been a happy one for apparently a very long time. The court finds that the defendant must bear the major responsibility for the breakdown of the marriage.
The court has carefully considered the statutory criteria set forth in Connecticut General statutes, 46b-62, 46b-81 and46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter.
1. No periodic alimony is awarded to either party. Neither has requested an award, and under the circumstances, the court finds that its order is appropriate.
2. The defendant shall transfer his interest in the property located at 107 June Road, Stamford, Connecticut, to the plaintiff, subject to the outstanding mortgage. The plaintiff shall assume responsibility for payment of the mortgage and indemnify and hold harmless the defendant from any liability thereon.
3. The plaintiff shall transfer her interest in the property located at 208 Jelliff Mill Road, Stamford, Connecticut, to the defendant, subject to the outstanding mortgage. The defendant shall assume responsibility for the payment of the mortgage and indemnify and hold harmless the plaintiff from any liability thereon.
4. The defendant shall transfer his interest in the land jointly owned by the parties in Minnesota to the plaintiff.
5. The defendant is awarded any interest he may have in the real estate located at 150 George Street, Stamford, Connecticut.
6. The plaintiff is awarded the entire interest in the business known as Windswept Farm, together with all the assets of the business, except those specifically distributed by other orders in this memorandum. The court finds the defendant's valuation of the business to be incredible.
7. The plaintiff shall retain ownership of any bank accounts in her name, and the defendant shall retain ownership of any bank accounts in his name.
8. The plaintiff shall receive title to the 1988 Chevrolet truck and the 1985 Ford tractor. The plaintiff shall CT Page 2550 be responsible for the payment of the loans outstanding on these vehicles and indemnify and hold harmless the defendant from any liabilities thereon. Also, the plaintiff shall receive title to the 1968 International horse van.
9. The defendant shall receive title to the 1984 Datsun ZX and be solely responsible for any loan outstanding thereon. The defendant is awarded the three race horses currently located in Pennsylvania.
10. The defendant is awarded the ownership of all life insurance policies owned by him. He is also awarded any pension plans he may be entitled to.
11. Each party is awarded his and her own personal effects. They shall divide their other personal furniture and furnishings by agreement. If they are unable to agree, the the court reserves jurisdiction to issue orders after holding a hearing on the matter.
12. The parties shall be responsible for their share of any income tax deficiencies arising out of income they have earned for any joint tax returns filed by them. Further, they shall share equally any state or federal income tax refunds, if any.
13. Each party shall be responsible for her and his own attorney's fees.
14. The plaintiff shall be responsible for the payment of the following debts and indemnify and hold harmless the defendant from any liability thereon. The amounts listed are taken from the parties' financial affidavits, but the intention of this order is that the plaintiff shall be responsible for the entire balance due, whether it is higher or lower than listed below.
 a. GMAC $22,728.00 b. Conn. National Bank (1/2) 2,000.00 c. HRSI (entire bill) 988.55 d. Ford Credit Corp. 5,368.32 e. Bank of New York Master Card 8,609.70 f. Chase VISA 1,256.07 g. Bloomingdale's 253.00 h. Macy's 188.00 i. Fairfield Equine 169.00 j. Greenwich Trail Assoc. 125.00 k. Charles Wilmot 2,500.00 l. Auto taxes (1/2) 300.83 CT Page 2551 m. Walter Steward (1/2) 250.00 ___________ TOTAL $44,736.47
15. The defendant shall be responsible for the payment of the following debts and indemnify and hold harmless the plaintiff from any liability thereon. The amounts listed are taken from the parties' financial affidavits, but the intention of this order is that the defendant shall be responsible for the entire balance due, whether it is higher or lower than listed below.
 a. Conn. National Bank (1/2) $ 2,000.00 b. Auto taxes (1/2) 300.83 c. Walter Steward (1/2) 250.00 d. Stamford Credit Union 8,534.45 e. Baybank Valley Tr. 1,734.05 f. Aetna Casualty Ins. Co. 548.05 g. Chevy Chase (VISA) 4,086.51 h. Stamford Credit Union VISA 1,898.00 i. Caldors 497.00 j. Sears 581.00 k. Texaco 246.00 ___________ TOTAL $20,675.89
Judgment may enter accordingly.
NOVACK, J.